Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

FAISAL MAHMOOD, individually and on behalf of all others
similarly situated,

<div style="margin-left:auto;">Plaintiffs,</div>

-against-

PEARSALL CANDY INC., SHAZIA SATTAR, ABDUL
SATTAR and RATI PATEL, as individuals,

<div style="margin-left:auto;">Defendants.</div>

-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **FAISAL MAHMOOD, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by his attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

2. Plaintiff, **FAISAL MAHMOOD, individually and on behalf of all others similarly situated**, through undersigned counsel, bring this action against **PEARSALL CANDY INC., SHAZIA SATTAR, ABDUL SATTAR and RATI PATEL, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at PEARSALL CANDY INC., located at 210 Rockaway Turnpike, Cedarhurst, NY 11516.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount

exceeding $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6.  Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8.  Plaintiff, FAISAL MAHMOOD, residing at 282 Doughty Boulevard, Inwood, NY 11096, was employed from in or around March 2012 until in or around September 2019 by Defendants at PEARSALL CANDY INC.

9.  Upon information and belief, Defendant, PEARSALL CANDY INC. is a corporation organized under the laws of New York with a principal executive office at 210 Rockaway Turnpike, Cedarhurst, NY 11552.

10. Upon information and belief, Defendant, PEARSALL CANDY INC. is a corporation authorized to do business under the laws of New York.

11. Defendant, SHAZIA SATTAR, owns PEARSALL CANDY INC.

12. Defendant, SHAZIA SATTAR, operates PEARSALL CANDY INC.

13. Defendant, SHAZIA SATTAR, is an agent of PEARSALL CANDY INC.

14. Upon information and belief, Defendant, SHAZIA SATTAR, has power over the managers of PEARSALL CANDY INC.

15. Defendant, SHAZIA SATTAR, has power over personnel decisions at PEARSALL CANDY INC., who are responsible for supervising employees.

16. Upon information and belief, Defendant, SHAZIA SATTAR, has power over payroll decisions at PEARSALL CANDY INC.

17. Upon information and belief, Defendant, SHAZIA SATTAR, sets the rate of pay for employees of PEARSALL CANDY INC, including the Plaintiff.

18. Defendant, SHAZIA SATTAR, has the power to hire and fire employees at PEARSALL CANDY INC, establish and pay their wages, set their work schedule, and maintains their employment records.

19. During all relevant times herein, Defendant, SHAZIA SATTAR, was Plaintiff's employer within the meaning of the FLSA and NYLL.

20. Defendant, ABDUL SATTAR, owns PEARSALL CANDY INC.

21. Defendant, ABDUL SATTAR, operates PEARSALL CANDY INC.

22. Defendant, ABDUL SATTAR, is an agent of PEARSALL CANDY INC.

23. Upon information and belief, Defendant, ABDUL SATTAR, has power over the managers of PEARSALL CANDY INC.

24. Upon information and belief, Defendant, ABDUL SATTAR, has power over personnel decisions at PEARSALL CANDY INC.

25. Upon information and belief, Defendant, ABDUL SATTAR, has power over payroll decisions at PEARSALL CANDY INC.

26. Upon information and belief, Defendant, ABDUL SATTAR, sets the rate of pay for employees of PEARSALL CANDY INC, including the Plaintiffs.

27. Defendant, ABDUL SATTAR, has the power to hire and fire employees at PEARSALL CANDY INC, establish and pay their wages, set their work schedule, and maintains their employment records.

28. During all relevant times herein, Defendant, ABDUL SATTAR, was Plaintiff's employer within the meaning of the FLSA and NYLL.

29. Defendant, RATI PATEL, is a manager at PEARSALL CANDY INC.

30. Upon information and belief, Defendant, RATI PATEL, was present almost every day at PEARSALL CANDY INC.

31. Defendant, RATI PATEL, is an agent of PEARSALL CANDY INC.

32. Upon information and belief, Defendant, RATI PATEL, has power over other employees of PEARSALL CANDY INC, including the Plaintiff.

33. Upon information and belief, Defendant, RATI PATEL, instructs employees including Plaintiff of PEARSALL CANDY INC. as to what tasks need to be completed during the work day.

34. RATI PATEL was responsible for supervising Plaintiff at PEARSALL CANDY INC.

35. Upon information and belief, Defendant, RATI PATEL, has power over personnel decisions at PEARSALL CANDY INC.

36. Upon information and belief, Defendant, RATI PATEL, hires and fires employees of PEARSALL CANDY INC.

37. Upon information and belief, Defendant, RATI PATEL, has power over payroll decisions at PEARSALL CANDY INC.

38. Defendant, RATI PATEL, has the power to hire and fire employees at PEARSALL CANDY INC, establish and pay their wages, set their work schedule, and maintains their employment records.

39. During all relevant times herein, Defendant, RATI PATEL, was Plaintiff's employer within the meaning of the FLSA and NYLL.

40. On information and belief, PEARSALL CANDY INC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

41. Plaintiff, FAISAL MAHMOOD, was employed from in or around March 2012 until in or around September 2019 by Defendants at PEARSALL CANDY INC, located at, 210 Rockaway Turnpike, Cedarhurst, NY 11516.

42. During Plaintiff, FAISAL MAHMOOD'S employment by Defendants, Plaintiff's primary duties were cleaning, customer service, stocking shelves, while performing other miscellaneous duties from in or around March 2012 until in or around September 2019.

43. Plaintiff, FAISAL MAHMOOD, was paid by Defendants approximately $350.00 per week from in or around January 2014 until in or around December 2015, and approximately $450.00 per week from in or around January 2016 until in or around September 2019.

44. Plaintiff worked approximately seventy-seven (77) hours or more per week during his employment by Defendants from in or around January 2014 until in or around September 2019.

45. Defendants failed to pay Plaintiff, FAISAL MAHMOOD, the legally prescribed minimum wage for his hours worked from in or around January 2014 until in or around December 2015, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

46. Although Plaintiff, FAISAL MAHMOOD, worked approximately seventy-seven (77) hours or more per week during his employment by Defendants from in or around January 2014 until in or around September 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

47. Defendants also improperly shifted expenses onto Plaintiff, FAISAL MAHMOOD, by requiring him to pay for gas, car insurance, and other expenses for a vehicle used in the course of employment. Plaintiff paid approximately $50.00 per week out-of-pocket for said vehicle expenses.

48. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

49. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

50. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff bring this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

52. Collective Class: All persons who are or have been employed by the Defendants as a counter person, cleaner, stocker or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

53. Upon information and belief, Defendants employed over 10 employees within the past three years subjected to similar payment structures.

54. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

55. Defendants' unlawful conduct has been widespread, repeated, and consistent.

56. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

57. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

58. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

59. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

60. The claims of Plaintiff are typical of the claims of the putative class.

61. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

62. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

63. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

64. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

65. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

66. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

67. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

68. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

69. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

72. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

73. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

76. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

77. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

78. Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

79. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

80. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiff's compensation.

81. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION

### Minimum Wages Under New York Labor Law

82. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

83. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

84. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

85. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

86. Defendants also failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

87. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

88. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

89. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in

violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

90. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION

### Unlawful Deductions from Wages under the New York Labor Law

91. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

93. Defendants made unlawful deductions from the wages of the Plaintiff without his written consent in violation of NYLL §193 by requiring Plaintiff to pay for gas, parking, and other expenses out of pocket. This was an improper shift of business costs onto the Plaintiff.

94. Defendants' unlawful deductions from the wages of the Plaintiff were not made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency, were not for the benefit of the Plaintiff, were not for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, or similar payments for the benefit of the Plaintiff.

95. Plaintiff's compensation from Defendants constitute wages within the meaning of the term "wages" in the NYLL §§190 et seq.

96. The named Plaintiff is an employee within the meaning of the term "employee" in the NYLL §§190 et seq.

97. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, the amount of his unlawful deductions and an

amount equal to his unlawful deductions in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## SEVENTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

98. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

100.   Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## EIGTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

101.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

102.   Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3).

103.   Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff unpaid minimum wages;

d. Awarding Plaintiff unpaid spread of hours compensation;

e. Awarding Plaintiff reimbursement for unlawful deductions;

f.   Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g.   Awarding Plaintiff prejudgment and post-judgment interest;

h.   Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

i.   Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 31st day of January 2020

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FAISAL MAHMOOD, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

PEARSALL CANDY INC., SHAZIA SATTAR, ABDUL SATTAR and RATI PATEL, as individuals,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

TO:

**PEARSALL CANDY INC
210 ROCKAWAY TPKE
CEDARHURST, NY 11516**

**SHAZIA SATTAR
210 ROCKAWAY TPKE
CEDARHURST, NY 11516**

**ABDUL SATTAR
210 ROCKAWAY TPKE
CEDARHURST, NY 11516**

**RATI PATEL
210 ROCKAWAY TPKE
CEDARHURST, NY 11516**