

# HELEN F. DALTON & ASSOCIATES, P.C
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

November 30, 2020

**Via ECF**
The Honorable Judge Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: **Mahmood v. Pearsall Candy Inc., et al.**
     **20-CV-551 (SJF)(SIL)**

Dear Judge Feuerstein:

  Our office represents the Plaintiff in the above-captioned action and submit this motion on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement attached hereto as Exhibit 1 memorializes the terms agreed upon by the parties during their arms' length settlement negotiations. The parties are in the process of executing the Settlement Agreement.

**Settlement Terms**

  The parties reached a settlement to resolve all claims asserted in this matter for $85,000.00, including attorneys' fees (which are addressed below). The parties reached this settlement with the assistance of a qualified mediator through the EDNY Court-annexed mediation program.

**Plaintiff's Position**

  Plaintiff Faisal Mahmood ("Plaintiff") alleged that he was a former cleaner, stocker and cashier for Pearsall Candy Inc., Shazia Sattar, Abdul Sattar and Rati Patel (collectively, "Defendants") at Defendants' store, located at 210 Rockaway Turnpike, Cedarhurst, New York 11516. Plaintiff brought this action alleging that he was not paid proper overtime wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL").

  Plaintiff alleged that he was employed by Defendants from in or around March 2012 until in or around September 2019 and during his employment, he regularly worked seventy-seven (77) hours per week. However, Plaintiff alleged that he was paid a flat weekly salary that did not

account for his approximately thirty-seven (37) hours of overtime per week. Plaintiff also alleged that he was entitled to statutory penalties under NYLL for wage statement and wage notice violations.

Although Plaintiff was confident that he could succeed on all of his claims at trial, his preference was a guaranteed payment through a court-approved settlement agreement. In accepting the Defendants' offer, Plaintiff considered the defenses raised by Defendants below, Defendants' financial status, and the timing of a payment in the near future as opposed to the uncertainty of a trial at a much later date. Plaintiff's concerns of recovery should this matter have not settled were only exacerbated by the current Covid-19 pandemic and its financial implications on small business owners.

**Defendants' Position**

The Defendants among their defenses are that the Plaintiff did not join the proper employer and that they are not the proper parties to this action.

**Plaintiff's Recovery and Requested Attorneys' Fees**

The parties agreed to settle all claims asserted in this matter for $85,000.00 in two monthly installments commencing thirty days from court approval of the Agreement. The parties believe that this amount is reasonable considering Plaintiff's claims and the defenses maintained by Defendants.

Plaintiff will recover $56,058.00 after attorneys' fees and expenses pursuant to the Agreement and in accordance with his retainer agreement with Plaintiff's counsel. Plaintiff's counsel respectfully requests one-third of the net settlement amount (after expenses have been deducted), consistent with the fee arrangement regularly approved by this Court.

Additionally, Plaintiff's counsel respectfully requests reimbursement of $914.00, for identifiable expenses, which include the Eastern District of New York filing fee ($400.00), the costs of serving Defendants through their process server, PM Legal, LLC ($214.00) and the court-annexed mediation fee ($300.00).

Therefore, the total amount to be paid to Plaintiff's counsel, including reimbursement of expenses, is $28,942.00.

**Settlement Amount:** $85,000.00
**Attorneys' Expenses:** $914.00
**Settlement less Expenses:** $84,086.00
**Requested Attorneys' Fees:** $28,028.00 ($84,086.00 / 3)
**Total payable to Attorneys:** $28,942.00 ($28,028.00 + $914.00)
**Total payable to Plaintiff:** $56,058.00

Plaintiff's counsel and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved

by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).

Here, Plaintiff's counsel is seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiff entered into a contract for this amount with his counsel, this amount is not unreasonable, and *Cheeks* does not disagree. Furthermore, the Agreement was drafted by experienced counsel and does not include a confidentiality clause or an overreaching release that would otherwise prevent the Court from approving the Agreement.

In closing, the parties respectfully submit that the Agreement is fair and reasonable, and therefore request that the Court approve or so order the Agreement.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.
*Attorneys for Plaintiff*